UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/13/23

| | |
|---|---|
| JOHN NICHOLAS IANNUZZI, | |
| Plaintiff, | 22-CV-911 (JGK) (BCM) |
| -against- | **ORDER** |
| WENZHAO LU, | |
| Defendant. | |

**BARBARA MOSES, United States Magistrate Judge.**

This Court's order dated February 21, 2023 (2/21/23 Order) (Dkt. 66) directed defendant Wenzhao Lu (sometimes rendered Wen Zhau Lu), also known as Daniel Lu, to produce, among other things, documents concerning "the ownership, valuation, and/or potential sale of Lu Daopei Hospital." 2/21/23 Order at 2. On March 31, 2023, plaintiff filed a letter-motion (Pl. Ltr.) (Dkt. 67) seeking contempt sanctions based on defendant's failure to produce any documents within the scope of the 2/21/23 Order. According to plaintiff, defendant simply "opted to provide no information whatsoever," despite having been "previously listed as Chief Operating Officer of the entire hospital complex." Pl. Ltr. at ECF p. 2. The Court construes plaintiff's letter as seeking a discovery conference, as required by Local Civ. R. 37.2 and Moses Ind. Prac. § 2(b), prior to moving for discovery sanctions pursuant to Fed. R. Civ. P. 37(b)(2)(A)(vii).

On April 3, 2023, defendant filed a timely responding letter (Dkt. 68), together with copies of his supplemental responses to plaintiff's document requests, dated February 27, 2023 (Dkt. 68-1), and accompanying affidavit (2/27/23 Lu Aff.) (Dkt. 68-2), in which defendant attests that he is unable to comply with the 2/21/23 Order because he is "not affiliated with Lu Daopei, the company, in any capacity," and has "no access to this entity's books and records." Lu 2/27/23 Aff. ¶ 9. In addition, on April 4, 2023, defendant filed an untimely letter signed by Wang Xiaowei, who claims to be a Chinese lawyer representing Lu Daopei Hospital. (Dkt. 69.)

On April 11, 2023, plaintiff filed a timely reply letter (Dkt. 70), improperly designated as a new motion to compel.

It is hereby ORDERED that:

1.      The unsworn and unauthenticated letter bearing the signature of Wang Xiaowei, is both untimely and inadmissible.  For these reasons, Dkt. 69 is hereby STRICKEN from the record.

2.      The Court will conduct a discovery conference on **April 25, 2023, at 10:00 a.m.**, in Courtroom 20A of the Daniel Patrick Moynihan United States Courthouse. The parties are reminded that it is the Court's practice to decide discovery disputes (including requests for discovery sanctions) at the Rule 37.2 conference, based on the parties' letters and any argument presented at the conference, unless a party requests or the Court requires more formal briefing. (*See* Dkt. 53 ¶ 1.)

3.      At the conference, plaintiff should be prepared to explain why he failed to meet and confer with defendant before seeking discovery sanctions, as required by Local Civ. R. 37.2 and Moses Ind. Prac. § 2(b), and why he failed to attach defendant's supplemental written responses and accompanying affidavit. Plaintiff should also be prepared to identify the record evidence, if any, substantiating his claim that defendant was "listed as Chief Operating Officer of the entire hospital complex."

4.      At the conference, defendant should be prepared to discuss his past statements – both under oath and through his counsel – that he was an officer, director, and equity holder in what he refers to as the Lu Daopei Medical Center until 2021; that he gave up his position and equity to facilitate a contemplated public offering, which was scheduled to take place in 2022; and that as late as April 19, 2022, he remained a consultant to the company.[1] In particular, defendant

---

[1] In a letter dated April 19, 2022 (4/19/22 Ltr.) (Dkt. 19), defendant's counsel of record asserted that defendant was until 2021 the Chairman of the Board of Directors of the company operating

should be prepared to explain why, even if he no longer has access to that entity's books and records, he has not produced his own documents showing (for example) his acquisition and disposition of equity in that entity, his appointment to and resignation from the position of Chairman (or other officer or director positions he held in that entity), and his involvement in its planned public offering.

5.      If plaintiff no longer possesses any such documents, he should be prepared to explain why he failed to preserve them. *See*, *e.g.*, *Fujitsu Ltd. v. Fed. Exp. Corp.*, 247 F.3d 423, 436 (2d Cir. 2001) ("The obligation to preserve evidence arises when the party has notice that the evidence is relevant to litigation or when a party should have known that the evidence may be relevant to future litigation.").

6.      The Clerk of Court is respectfully directed to close the motion at Dkt. 70, which is in fact a reply letter-brief in further support of the motion at Dkt. 67.

Dated: New York, New York
          April 13, 2023                                  **SO ORDERED.**

                                                         _____
                                                         **BARBARA MOSES**
                                                         **United States Magistrate Judge**

---

Lu Daopei Hospital, as well as an equity holder; that he stepped down as Chairman to facilitate the company's IPO, which was "scheduled" for later in 2022, and that as of April 19, 2022, he remained a "consultant" for the company. 4/19/22 Ltr. at 2. In an affidavit sworn to on June 17, 2022 (6/17/22 Lu Aff.) (Dkt. 34), defendant Lu attested that by 2020 – at which point there were "discussions" about taking Lu Daopei Medical Group public – he had "assumed a senior role" within the company, and that it was he who execute an engagement letter, on the company's behalf, with plaintiff's law firm. 6/17/22 Aff. ¶¶ 30-31.